BRODSKY MICKLOW BULL & WEISS LLP
Edward M. Bull III, State Bar No. 141996
Kurt Micklow, State Bar No. 113974
Jarrett Micklow, State Bar No. 352356
1901 Harrison Street, Suite 1100
Oakland, California 94612
Telephone: (510) 268-6180
Facsimile: (510) 268-6181

Attorneys for Plaintiff
ANTHONY HARGAIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HARGAIN,<br><br>Plaintiff,<br><br>vs.<br><br>KOREA LINE CORPORATION and DOES 1-10, inclusive, *in personam*, M/V K ASIAN BEAUTY (IMO No. 9070462), a vessel registered under the flag of the Republic of Korea, her engines, tackle, furniture, apparel, etc., *in rem*,<br><br>Defendants. | CASE NO.:<br><br>**LONGSHOREMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**<br><br>[33 U.S.C. §§ 905(b) & 933]<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff ANTHONY HARGAIN ("Plaintiff") brings and maintain this action pursuant to the provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 905(b) and 933, and United States Constitution Art. III, Section 2. This Court also possesses diversity jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1332 because this is an action between a United States citizen who resides in California and citizens or subjects of a foreign country as set forth more fully below (paragraphs 5 through 9), and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2. This is an Admiralty and Maritime Complaint for personal injury damages involving a maritime tort for negligence within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court also has jurisdiction over this controversy pursuant to Rules B and C of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty and Maritime Claims.

3. This Admiralty claim also alleges a claim *in rem* against a certain South Korean flagged car carrier vessel known as the M/V K ASIAN BEAUTY (IMO No. 9070462) (hereinafter "K ASIAN BEAUTY") pursuant to Rules B and C of the Supplemental Rules for Admiralty and Maritime Claims.

4. The events giving rise to this action and to Plaintiff's injury and damages as asserted herein occurred at the Port of Benicia, California, within this judicial district.

5. Plaintiff is a citizen of the United States and a resident of the Eastern District of California. Plaintiff is a longshoremen covered under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq*., and brings and maintains this action pursuant to 33 U.S.C. § 905 (b) and 933.

6. K ASIAN BEAUTY is the sole *in rem* defendant in this action. Plaintiff is informed and believes, and thereon alleges, that K ASIAN BEAUTY is, and at all relevant times was, owned, operated, managed, chartered and/or controlled by defendant KOREA LINE CORPORATION (hereinafter "KLC"). Upon information and belief, Plaintiff alleges that K ASIAN BEAUTY is, or will be within this judicial district during the pendency of this action. At all times relevant hereto, K ASIAN BEAUTY was engaged in the carriage of automobiles by water for hire between foreign ports and ports in the Untied States, and was afloat and operating upon the navigable waters of the United States.

7. Plaintiff is informed and believes, and thereon alleges, that *in personam* defendant KLC is a corporation organized and existing under the laws of the nation of South Korea. Plaintiff is informed and believes, and thereon alleges, that KLC owns and operates a fleet of vessels, including K ASIAN BEAUTY, that transports automobiles between foreign ports and ports in the United States. Plaintiff is further informed and believes, and thereon alleges, that KLC does substantial business in this judicial district insofar as its vessels regularly call on ports in California, including

the Port of Benicia.

8. Plaintiff does not know the true names and capacities, whether corporate, associate or individual, of the *in personam* defendants sued herein under the fictitious names of DOES 1 through 10, inclusive. Plaintiff prays leave to amend this complaint to allege said true names and capacities of these parties when ascertained. *All such DOE defendants, if any, are residents of foreign countries, and none of them are domiciled in the State of California.*

9. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOES 1-10, inclusive, are negligently responsible in some manner for the injuries and damages to Plaintiff. At all relevant times, Defendants KLC, K ASIAN BEAUTY, and DOES 1 through 10, were the agents, servants, employees and/or representatives of each other and were acting within the course and scope of such employment.

10. On or about September 17, 2023, Plaintiff was employed by and working for Stevedoring Services of America ("SSA") as car driver/unloader assigned to the K ASIAN BEAUTY which was in the process of discharging (unloading) automobiles at the Port of Benicia. On that date, Plaintiff and several other longshoremen were being transported aboard the K ASIAN BEAUTY in a van up ramps aboard the vessel so that they could drive the new cars off the ship. Suddenly, without warning, the van collided with a ramp which was lowered unexpectedly and without warning into the van's path of travel by a member of the ship's crew, injuring Plaintiff and several of his fellow longshoremen.

11. The standard configuration of vehicle carriers like the K.ASIAN BEAUTY is for there to be ramps which can be lowered or raised to accommodate loading and unloading cargo onto or off of the ship. Furthermore, it is the standard in the industry for longshoremen to drive around the vessel and between decks in transport vans, such as the one used that day. Finally, it is the standard in the industry to abide by specialized safety and communication procedures when raising or lowering onboard ship ramps to reduce the risk of injuries or accidents and to only raise or lower these ramps when it is known that there are no workers in the immediate area. The control and operation of these ramps, the need to communicate their positions, the need to mark any low hanging ramps, and all other aspects of these operations are, per industry standards, and on the date in question, under the

control of the vessel crew as agents for the vessel owners and managers. These procedures are necessary to allow the longshoremen, or others operating vehicles aboard these ships, to safely traverse corridors and decks of the ship in vehicles safely when loading or unloading the vehicles. On the K ASIAN BEAUTY, however, Plaintiff was sitting behind the driver's seat of a transport van when a ramp was lowered unexpectedly and without warning into the van's path of travel causing an unavoidable collision. As a result of the collision, Plaintiff suffered serious and significant injuries to his body, including injuries to his back.

12. The September 17, 2023, accident and injuries to Plaintiff were caused by the active negligence of Defendants, including, without limitation, their failure to: (1) turn the working areas of the vessel over to the longshoremen in a condition where they could safely work, (2) warn the longshoremen and Plaintiff of the hidden dangers aboard the vessel (which were not identifiable to experienced stevedores); (3) abide by safety and communication policies related to the raising and lowering of ship ramps, (4) warn the longshoremen that a ship ramp in their area was being lowered; (5) safely and reasonably maintain the areas of the vessel under their active control, including taking proper precautions before raising or lowering any ship ramp aboard the K ASIAN BEAUTY; and (6) intervene to prevent the longshoremen from attempting to drive vans in an area of the vessel where ship ramps were being raised or lowered.

13. Defendants had actual or constructive notice of the dangers associated with raising or lowering ship ramps and a sufficient time prior to the accident and injury to have taken reasonable measures to protect the longshoreman, including Plaintiff, who were required to assist in loading operations.

14. By reason of the foregoing, Plaintiff was caused to and did sustain severe painful and disabling injuries to his back, psyche, and other injuries not known at this time.

15. Although Plaintiff was able to return to work following a year of disability and lost earnings, Plaintiff will incur future medical expenses and a shortened career as a longshoreman due to his injuries.

/ / /

/ / /

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. That process and due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, issue against the K ASIAN BEAUTY and her engines, tackle, apparel, furniture, and appurtenances, etc., and that all persons having or claiming any interest in said vessel be cited to appear and answer, under oath, all and singular the matters herein; that Plaintiff has judgment *in rem* for their maritime liens for personal injuries with pre-judgment interest and costs; and that K.ASIAN BEAUTY be arrested and sold to satisfy Plaintiffs' judgments;
2. That Plaintiff may have a judgment against both the *in personam* and *in rem* defendants for his general, special and other allowable damages amounts according to proof;
3. That Plaintiff be awarded prejudgment interest on the amounts awarded;
4. For costs of suit; and
5. For such other and further relief as the court may deem proper.

DATED: September 9, 2026 BRODSKY MICKLOW BULL & WEISS LLP

By: /s/ Edward M. Bull III
Edward M. Bull III

Attorneys for Plaintiff
ANTHONY HARGAIN

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

DATED: September 9, 2026 BRODSKY MICKLOW BULL & WEISS LLP

By: /s/ Edward M. Bull III
Edward M. Bull III

Attorneys for Plaintiff
ANTHONY HARGAIN